### HILL v. BIDDLE and others.[1]

### SAME v. SMITH.

*(Circuit Court, E. D. Pennsylvania. April 30, 1886.)*

1. PATENTS FOR INVENTIONS—NOVELTY—IMPROVED HOG-RINGS.
    Letters patent 130,853 were granted to complainant for a triangular hog-ring, so constructed as to conform to the shape of the hog's snout, and remain stationary therein. *Held*, that the invention possessed novelty, value, and utility, and that the patent was therefore valid.

2. SAME—UTILITY.
    The utility of a machine, instrument, or contrivance, as shown by the general public demand for it, while not conclusive, is highly persuasive evidence of novelty and invention, and, in the absence of pretty conclusive evidence to the contrary, will generally exercise a controlling influence.

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

In Equity.
*Morgan & Lewis*, for complainant.
*D. Connolly*, for defendants.

BUTLER, J. The suit is for infringing the second claim of plaintiff's patent, No. 130,853, which reads as follows: "The triangular shaped ring, D, with the catch, *d*, or with points, H, or levels, substantially as shown and described, and for the purpose set forth." The alleged infringement is fully proved. There is no difference between the ring manufactured and sold by the defendant and that described by the patent.

The defense set up is twofold: *First*, that the patent is invalid, for the reasons that the ring was anticipated, that it involved no discovery or invention, and that it is not useful; *second*, that the first claim of the patent is void, and the plaintiff has known it for years, and has, nevertheless, omitted to file a disclaimer as provided for by section 4922 of the Revised Statutes, and therefore cannot recover in equity.

These defenses were urged with much earnestness and ability. We are not convinced, however, of the soundness of either of them. The plaintiff's conception was that a ring so constructed as to fit or conform to the hog's snout, or rooter, would be more comfortable to the hog, and more serviceable in restraining his disposition to root, than the ordinary rings employed at the time. The invention consisted in the construction of a ring embodying this conception,—a triangular ring that fits the shape of the snout, and keeps its place. While it may be said that this required but little change in the old ring, and was easily accomplished, yet nobody had before accomplished it, or conceived the idea and advantage, of making a ring of this form for such a purpose. That this conception, and the embodiment of it, was of great value cannot be doubted. The public at once recognized its advantages, and demanded it of the trade to such extent as shows a preference for it over all other rings in use. According to the evidence, about one-third of the rings sold by the trade are those of the plaintiff. The defendant, in effect, acknowledges that he manufactures this form of ring because of the great public demand for it. While it is true that the utility of a machine, instrument, or contrivance, as shown by the general public demand for it when made known, is not conclusive evidence of novelty and invention, it is nevertheless highly persuasive in that direction, and, in the absence of pretty conclusive evidence to the contrary, will generally exercise controlling influence. *Smith* v. *Goodyear*, 93 U. S. 486; *Manufacturing Co.* v. *Haish*, 4 Fed. Rep. 907; *Eppinger* v. *Richey*, 14 Blatchf. 307.

I do not find such contrary evidence in this case. While there is here, as in most cases, room for debate, a careful examination has satisfied me fully that the court would not be justified by anything

shown, in decreeing the claim invalid on either of the grounds sug-
gested.    Nor am I satisfied that the court would be justified in con-
cluding that the plaintiff knew or believed the first claim of his pat-
ent to be invalid, and that he has therefore been guilty of bad faith
in omitting to disclaim, as urged by defendant.    That the validity of
this claim has been called into question and doubted is shown; but
that it has ever been adjudged invalid by a competent tribunal, or that
plaintiff has ever acknowledged or believed it to be so, is not shown.
As the burden of proof respecting this, as well as the other branch of
the defense before considered, was on the defendant, it follows that
my judgment is against him.

A decree will be entered accordingly.